UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ED COLLINS, | : | **CIVIL NO. 1:09-CV-01599** |
| Plaintiff | : | (Judge Conner) |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| DANIEL BOYD, et al., | : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

The *pro se* plaintiff, Ed Collins, is proceeding *in forma pauperis*. The amended complaint, filed on January 9, 2009 (doc. 6), was filed in the United States District Court for the Eastern District of Pennsylvania, and the case was transferred to this District by an Order of August 17, 2009. (Doc. 17).

The amended complaint sets forth that the plaintiff, an African American, was hired by the Pennsylvania Department of Public Welfare on April 10, 2006 as a probationary civil

service employee, with job title Purchasing Agent II/Supervisor, in the Procurement Bureau of that Department. It is averred that he received a perfect, 100% civil service test score based upon his procurement experience. He was the only African American employed in the Bureau. The amended complaint avers that he performed high quality work in performing his duties.

The defendants named in the amended complaint are Daniel Boyd, Kevin Friel, James Hart, Sallie Rodgers and the Commonwealth of Pennsylvania Department of Public Welfare ("DPW"). The plaintiff worked directly under defendant Boyd. Defendant Boyd's supervisor was defendant Friel. Defendant Hart held the job of Director of Support Services in the DPW Bureau of Administration. Defendant Rodgers is described in the amended complaint as a white female DPW attorney.

The amended complaint alleges that defendants Boyd, Friel, Hart and Rodgers "were Republicans and/or Conservative loyalists with similar ties and shared political views regarding African Americans in general, African Americans in

2

procurement opportunities in particular who put political loyalty above the law in violation of Civil Service and Pennsylvania law." The amended complaint alleges that the plaintiff was as a consequence of his race and his political views subjected to a hostile work environment in the Department of Public Welfare and that the plaintiff was disciplined for engaging in protected activity.

The plaintiff was hired as a procurement officer in 2006 to fill a job that had previously been held by defendant Boyd. He states in the amended complaint that when he began to work at the job, in a probationary capacity, he was not provided with adequate training, tools or instructions. He states that he expected to enjoy in his position the "friendly courtesies" that were extended to all other Bureau employees, including internet use, cell phone use, flexible and liberal breaks and other courtesies.

The plaintiff attended the meetings of the Governor's Advisory Commission on African American Affairs. That Commission assists minority businesses in gaining full access

3

to all opportunities afforded to all Commonwealth citizens. In June of 2006, the Commission invited the plaintiff to attend a network meeting. Defendant Boyd required the plaintiff to submit a leave slip to attend the meeting. No other DPW employee was required to submit a leave slip. The plaintiff sought to have the DPW leave policy clarified. He was told that no leave would be charged against his leave balance. Defendant Boyd was annoyed because the plaintiff had sought clarification. It is alleged that at this time the extension of the "friendly courtesies" to him was retracted. In the following month, defendant Boyd, who before the Commission meeting incident had told the plaintiff that his work was outstanding, began to be negatively critical of the work of the plaintiff. Defendant Boyd questioned the plaintiff about the relatedness of the Commission meetings to his DPW duties.

The amended complaint alleges that at a later time the plaintiff was not informed about a New Procurement Initiative meeting to be conducted by defendant Friel, although another bureau employee was informed of it. These events occurred in June and in July of 2006.

4

The plaintiff's ordinary responsibility to approve leave slips for his subordinate employees was taken over by defendant Boyd.

The amended complaint alleges that on September 19, 2006, defendants Boyd and Friel made false statements to the plaintiff by stating to him, "please advise where you have been this morning and why you failed to call in or notify us of your whereabouts."

The plaintiff complained in September of 2006 to defendants Boyd and Friel and to the Secretary of Public Welfare, Estelle Richman, about harassment of the plaintiff by Boyd, about Boyd's political views concerning women and minorities and procurement, training, abuse of power, computer tampering, leave request tampering, and about trying to make the plaintiff look bad. At the end of September the plaintiff received an "unsatisfactory" employee performance rating and was denied civil service status by defendant Boyd.

In October of 2006, a training opportunity was offered to a white female staff member and not to the plaintiff although the plaintiff had requested the opportunity. In October, defendant Boyd told the plaintiff a "racist story" and said to the plaintiff, "Ed ... all of us are racists." The plaintiff complained to defendants Friel and Boyd and to Secretary Richman "about race, black, cultural competence, minority businesses and procurement in the Commonwealth and plaintiff's employee performance review." The plaintiff's probation was extended by six months to April of 2007.

The amended complaint states that in October and November of 2006, defendants Boyd and Friel were involved with the plaintiff in communications about missing or lost procurement documents, leading to an irate admission of error made by defendant Boyd. On November 20, 2006, the plaintiff was suspended, without explanation, without pay and without a hearing. He was terminated, without a hearing, on December 28, 2006. In a subsequent Civil Service Commission hearing, it is alleged in the amended complaint, the defendants gave false statements under oath.

As to defendant Boyd, the amended complaint alleges that he favored white employees, engaged in discriminatory practices, gave false testimony under oath at the 2007 Civil Service Commission termination hearing, engaged in procedural irregularities in preparing the plaintiff's Employee Performance Review, and that Boyd was "awarded a promotion with taxpayers money in exchange for false reporting and cover up activities...".

Defendant Friel is alleged to have favored white employees with similar and shared political views, to have subjected the plaintiff to retaliatory harassment using racial remarks and humiliation, and to have given false testimony at the Civil Service termination hearing. He is also alleged to have been awarded promotions and perks with taxpayer money in exchange for false reporting and cover up activities.

It is alleged in the amended complaint as to defendant Hart that his promotions and appointments had less to do with merit and more to do with similar ties and shared political views of the appointing authorities and to preserve white skin

7

privileges.  Defendant Hart is alleged to have denied due process to the plaintiff and to have made false statements under oath at the termination hearing.  He is also alleged to have been awarded promotions and perks in exchange for false reporting and cover up activities.

Defendant Rodgers is alleged to have given false testimony at the termination hearing and to have been awarded promotions and perks in exchange for false reporting and cover up activities.

The plaintiff's amended complaint claims that he was denied civil service status and career advancement opportunities because of his race and because he opposed discriminatory practices within DPW. He states that he is bringing his claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, Title VII and the Pennsylvania Human Relations Act.  He assert that his § 1983 claims are based upon violations of his rights under the First and Fourteenth Amendments.

In the Eastern District, the defendants filed a motion to dismiss the complaint or to transfer it to this District. (Doc. 10). The Eastern District Court transferred the case to this District and dismissed the motion to dismiss the case "without prejudice". (Doc. 17).

A Case Management Order was entered on August 20, 2009. The Order sets a February 19, 2010 discovery deadline. (Doc. 20, ¶ 1). On September 9, 2009, the plaintiff filed a motion for summary judgment. (Doc. 21). On September 14, 2009, the defendants filed a second motion to dismiss the amended complaint and a brief in support. (Docs. 23, 24). The plaintiff filed a motion to dismiss the defendants second motion to dismiss. (Doc. 25). On October 14, 2009, the plaintiff filed a motion to oppose the defendants second motion to dismiss (doc. 29), a brief in support of that motion (doc. 30), and a brief in opposition to the second motion to dismiss (doc. 34). By Order of October 29, 2009 (doc. 33), *inter alia*, the plaintiff's first motion for summary judgment (doc. 21) and his motion to dismiss the second motion to dismiss (doc. 25) were deemed withdrawn.

On November 6, 2009, the plaintiff filed Plaintiff's Motion for Reconsideration of Court Order Dated October 29, 2009 And/Or To Oppose Defendants' Motion for Special Relief To File An Amended Brief. (Doc. 36). No supporting brief was filed. This motion is deemed withdrawn. LR 7.5.

On November 18, 2009, the defendants filed a Motion to Stay Discovery Pending Resolution of the Defendants' Motion to Dismiss. (Doc. 39). On November 24, the plaintiff filed a Motion for Summary Judgment for Failure to Prosecute (doc. 40) and a supporting brief (doc. 41). He filed a brief in opposition to the motion to stay discovery. (Doc. 42). He filed an amended motion in opposition to the defendants' motion to stay discovery. (Doc. 43). The defendants filed a brief in support of the motion to stay discovery on November 30, 2009. (Doc. 44). The defendants filed a brief in opposition to the plaintiff's second motion for summary judgment on December 1, 2009. (Doc. 45).

The plaintiff is asking in his motion for summary judgment (doc. 40) for the court to order judgment in favor of

the plaintiff and against the defendants as a sanction against the defendants for not having responded to the plaintiff's first and second sets of interrogatories and requests for the production of documents sent to the defendants on October 7, 2009 and on October 13, 2009 and for not having answered the complaint after the dismissal of their first motion to dismiss the complaint. The defendants are seeking to have the complaint dismissed and are asking the court to stay discovery pending the decision of the defendants' pending motion to dismiss the complaint.

Neither the plaintiff nor the defendants are following correct procedures. The plaintiff is incorrectly using summary judgment motions. *See* Rule 56 of the Federal Rules of Civil Procedure. He is also incorrectly calling briefs "motions." The defendants, without justification under the procedural rules or any order of court, did not provide timely responses to discovery requests of the plaintiff.

We will not impose sanctions against the plaintiff. None have been sought. But we advise and admonish the

plaintiff to follow the Federal Rules of Civil Procedure, the Rules of Court for the Middle District and the orders of the court as this case goes forward.

The defendants' motion to stay discovery will be denied.  A Report and Recommendation filed this date addresses all of the arguments presented in the defendants' motion to dismiss the complaint, and the grounds for a stay of discovery advanced by the defendants are no longer present.  In any event, it is not the practice of the court to generally stay discovery while a motion to dismiss the complaint is pending, but rather the court will consider entering particularized orders governing the scheduling of discovery steps to avoid avoidable expense or inconvenience.

The plaintiff's second motion for summary judgment (doc. 40) is based upon, in addition to the assertion that the defendants should have judgment entered against them as a sanction for delaying discovery, the position that the defendants are in default for not having filed an answer to the amended complaint.  He contends that the second motion to

dismiss the complaint filed on September 14, 2009 (doc. 23) is untimely even if it were an authorized Rule 12 motion and that it is in any event not an authorized Rule 12 motion because Rule 12 does not permit the postponement of an answer for the purpose of permitting a defendant to file a second Rule 12 motion.  The defendants' earlier (April 12, 2009) motion to dismiss (doc. 10) was dismissed by the Order of August 17, 2009 (doc. 17), which Order granted the defendants' motion to transfer the case to this District and, without addressing the merits of the grounds for dismissal raised by the defendants' motion, "DISMISSED" the motion to dismiss the complaint "without prejudice."  The dismissal of a Rule 12 motion to dismiss a complaint is not addressed by Rule 12(a).  A dismissal of a Rule 12(b) motion "without prejudice" is not addressed by Rule 12(a).  We construe the Order of August 17, 2009 to have authorized the filing of a Rule 12(b) motion in the United States District Court for the Middle District of Pennsylvania upon the transfer of the case to this District. We do not find Rule 12(g)(2) to preclude the defendants' "second" motion to dismiss, since it does not raise objections or defenses not raised in an already decided Rule 12 motion.

It would be unfairly prejudicial to a party to preclude the party's opportunity to present Rule 12 objections and defenses which are waived if not presented in a Rule 12 motion in a situation such as this.

The defendants' first motion to dismiss the complaint was dismissed by the August 17, 2009 Order. A Case Management Order was entered by this court on August 21, 2009. (Doc. 20). In a *pro se* case, a case management conference is not held. The undersigned neglected to recognize the status of the pleadings in the Case Management Order; it would have been appropriate to establish a deadline for a responsive pleading or for a renewal of the defendants' dismissed motion to dismiss the complaint given the circumstance of a motion to dismiss that had been **DISMISSED without prejudice**. The September 14, 2009 (second) motion to dismiss is arguably untimely, and it is arguably not a motion permitted under the rules without leave of court. The circumstances do not reasonably give rise to a course not involving the decision on the merits of the arguments raised in the defendants' second motion to dismiss the complaint. The plaintiff's motion for summary judgment is

14

construed as a motion for the entry of the default of the defendants, and the motion will be denied.

The defendants did not have a basis under applicable rules not to have provided timely discovery responses to the plaintiff. As a sanction against the defendants for failing to provide timely discovery to the plaintiff in the absence of an order granting an extension of time in which to provide responses to the plaintiff's discovery requests, the defendants will be directed to pay to the plaintiff $300.00.

There is not a sound basis to stay discovery at this juncture. In the Report and Recommendation of this date, it is recommended that the motion of the defendants to dismiss the complaint in its entirety be denied. The defendants' position that discovery should be stayed, in that it was based upon the fact that a motion to dismiss the complaint was pending, is no longer a meritorious basis for a stay of discovery.

On the basis of the foregoing, the following is ordered:

15

**IT IS ORDERED** that the plaintiff's motion for summary judgment (doc. 40) is construed as a motion for the entry of the default of the defendants and that the motion is **DENIED**. IT IS FURTHER ORDERED that the plaintiff's Motion for Reconsideration (doc. 36) is **DEEMED WITHDRAWN**. **IT IS FURTHER ORDERED** that the defendants' motion for an order staying discovery (doc. 39) is **DENIED**. **IT IS FURTHER ORDERED** that the plaintiff's motions to oppose the defendants' motions to stay discovery (docs. 42, 43) are **DENIED insofar** as the plaintiff seeks sanctions other than as awarded herein. **IT IS FURTHER ORDERED** that the defendants shall pay $300.00 to the plaintiff as a sanction for delaying discovery responses to the plaintiff without the authorization of the court beyond the deadline provided by the Federal Rules of Civil Procedure. **IT IS FURTHER ORDERED** that the defendants shall provide responses to all outstanding interrogatories and requests for the production of documents to the plaintiff on or before January 22, 2010. **IT IS FURTHER ORDERED** that the plaintiff's Motion for Special Relief in the Nature of Filing Brief in Support of Plaintiff's Motion for Summary Judgment, filed on November 6, 2009 (doc. 37) is **GRANTED**. The brief (doc. 38) filed with the motion is
16

deemed to have been timely filed and has been considered by the court in considering the plaintiff's motion for summary judgment.

                                      ***/s/ J. Andrew Smyser***
                                      J. Andrew Smyser
                                      Magistrate Judge

Dated: January 11, 2010.