UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ED COLLINS, | : | **CIVIL NO. 1:09-CV-01599** |
| Plaintiff | : | (Judge Conner) |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| DANIEL BOYD, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The plaintiff has filed a motion for a preliminary injunction, asking this court to accelerate the grant to plaintiff of the relief that he is seeking from the defendants: reinstatement to his Commonwealth employment, back pay, "non-promotion difference in pay", benefits and civil service status.

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the merits of the litigation and (2) that the movant will be

irreparably injured before the completion of the litigation if preliminary injunctive relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)). The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582. "Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id*.

This is a case in which the *pro se* plaintiff was dismissed from his employment by the Commonwealth of Pennsylvania Department of Revenue in 2007. He initiated this litigation in 2008 in the United States District Court for the

2

Eastern District of Pennsylvania. The status quo is not that the plaintiff is a Commonwealth employee; the status quo is that the plaintiff is not a Commonwealth employee. If he prevails in this litigation, he will be entitled to at least some of the forms of monetary relief that he asks to be conditionally awarded at this preliminary stage. He will not necessarily be found in equity to be entitled to reinstatement. *See James v. Norton,* 176 F. Supp.2d. 385, 392-393 (E.D. Pa. 2001), citing *Robinson v. Septa,* 982 F.2d 892,899 (3d Cir. 1993)(reinstatement is preferred remedy, but exceptions are cases of high animosity and cases in which former position is unavailable).

The plaintiff does not in his motion (Doc. 86) or supporting brief (Doc. 87) demonstrate that there is a basis for the court to find that the plaintiff has a reasonable probability of prevailing in his civil action. He asserts that this litigation has not progressed as efficiently and rapidly as it should and that his opposing counsel has delayed this case by not filing an answer to the plaintiff's amended complaint and by delaying responses to discovery requests of

3

the plaintiff.  The docket sheet reveals a multiplicity and a variety of reasons why this case has some age to it, some attributable to the plaintiff, some attributable to the defendants, and some to the court.

The plaintiff has not demonstrated that he is likely to prevail on the merits of his claim of employment discrimination.  It appears from the complaint(s) filed in this case that the fact finder will need to resolve credibility issues.  The plaintiff does not refer to other forms of proof of employment discrimination upon which the court could base a finding that he is likely to prevail.  He also does not demonstrate or argue that he can demonstrate harm of an irreparable nature; that is, harm that can not be remedied by monetary compensation if he prevails at trial.

4

Therefore, it is recommended that the plaintiff's motion for preliminary injunctive relief (Doc. 86) be denied.


*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: June 24, 2010.